IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ARMOND DAVIS ROSS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. CIV-13-323-R |
| v. ) | |
| ) | |
| OKLAHOMA DEPARTMENT OF ) | |
| CORRECTIONS, JUSTIN JONES, ) | |
| WARDEN MIKE ADDISON, ) | |
| SGT. BUSH, DENNIS ROSE, GEORGE ) | |
| WILLIAMS, SAM PRESTON, and MIKE ) | |
| MCMILLEN, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis* brings this action pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). Before the Court is a Motion to Dismiss, **ECF No. 27**, filed on behalf of Defendants Oklahoma Department of Corrections (ODOC) and Justin Jones, formerly the Director of ODOC.[1] Plaintiff has responded to the Motion to Dismiss, ECF No. 34, and Defendant ODOC and Defendant Director have replied, ECF No. 36. It is recommended that the Motion to Dismiss be **GRANTED**.

## I. BACKGROUND

Plaintiff avers he was attacked and injured by his cellmate on May 28, 2011, after having informed Defendants Williams, Bush, and McMillan the day before that his

---

[1] Plaintiff does not specify whether he is suing Defendant Jones in his official or individual capacity. The undersigned will address claims brought in both capacities. Pursuant to Fed. R. Civ. P. 25(d), the new Director of the Oklahoma Department of Corrections, Robert Patton, is automatically substituted as defendant with regard to the official capacity claims brought against Defendant Jones.

cellmate had threatened to kill him. Plaintiff states he had also told Defendant Rose of the threats a month before. After Plaintiff had talked to Defendants Williams, Bush, and McMillan, Defendant Bush told the cellmate that he, the cellmate, would be moving after the prisoner count. The cellmate gathered his belongings, and when he started to leave the cell, he said to Plaintiff, "You called the Police on me." ECF No. 1:6. But Defendant Bush then called out that there had been a change of plans, and the cellmate was to return to his original cell. *Id*. At 3:15 a.m. the next morning, Plaintiff's cellmate attacked, hitting Plaintiff numerous times on the head with a combination lock attached to a web belt and trying to suffocate Plaintiff with a plastic sack. *Id.* at 7. Plaintiff was transferred to a hospital emergency room for treatment of his wounds. *Id.*

## II. STANDARD OF REVIEW

The standard for reviewing a motion to dismiss a complaint pursuant to Fed. R. Civ. P. 12(b)(6) has been well-defined by the United States Supreme Court:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). A court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotations and citation omitted). Further, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991); *see also Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (under Fed. R. Civ. P. 12(b)(6), the Court must accept Plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to Plaintiff). Additionally, the Court liberally construes the complaint of a Plaintiff proceeding *pro se*. *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002).

## III. ANALYSIS

### A. Claims against ODOC and Director in his Official Capacity

The ODOC is an agency of the State of Oklahoma, and claims lodged against a state agency or any of its employees acting in their official capacities are considered to be claims against the State. *See Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 (10th Cir. 2010) (noting that the Eleventh Amendment's protection

encompasses States and "state agencies"); *Kentucky v. Graham*, 473 U.S. 159, 167, (1985) (official-capacity actions are considered as claims against the entity, *qua* entity that may possess Eleventh Amendment immunity).

The Eleventh Amendment prevents Plaintiff from suing the State of Oklahoma without its unequivocal consent, and this prohibition encompasses suits against state agencies and their employees in the employees' official capacities. *See Guttman v. Khalsa*, 669 F.3d 1101, 1110 (10th Cir. 2012) ("Although a state may waive the sovereign immunity granted to it under the Eleventh Amendment, we require a showing of unequivocal intent to do so."). "Oklahoma has not waived sovereign immunity against § 1983 claims in federal district court." *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006) (citing *Ramirez v. Okla. Dep't of Mental Health*, 41 F.3d 584, 589 (10th Cir. 1994)).

Because § 1983 did not abrogate this sovereign immunity, *see Quern v. Jordan*, 440 U.S. 332, 345 (1979), Defendants ODOC and its Director in his official capacity are immune from suit pursuant to the Eleventh Amendment.

Accordingly, the claims against the ODOC and its Director in his official capacity should be dismissed with prejudice.

**B.  Personal Capacity Claims against Defendant Jones**

Plaintiff's only allegation against Defendant Jones is that he "is responsible for implementation of all Department of Correction's Policies, Rules, Practices and employee training." ECF No. 1:5. But Defendant Jones can be held liable for claims

brought against him in his individual capacity pursuant to § 1983 only if he personally participated in a constitutional violation. *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Furthermore, [g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676 (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). In *Iqbal*, the Court held that "[b]ecause vicarious liability is inapplicable to . . .§ 1983 suits, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* Thus, a government official "is only liable for his or her own misconduct." *Id.* at 677. A defendant-supervisor may be held liable under § 1983 if the defendant-supervisor "creates, promulgates, implements, or in some way possesses responsibility for the continued operation of a policy the enforcement (by the defendant-supervisor or her subordinates) of which subjects, or causes to be subjected' th[e] plaintiff 'to the deprivation of any rights . . . secured by the Constitution.'" *Dodds v. Richardson*, 614 F.3d 1185, 1199 (quoting 42 U.S.C. § 1983) (2011). "A plaintiff may therefore succeed in a § 1983 suit against a defendant-supervisor by demonstrating: (1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1200.

Plaintiff has failed to allege any facts to demonstrate that Defendant Jones personally participated in any of the events leading to the filing of this civil rights case. Moreover, Plaintiff has not alleged sufficient facts to support a claim against Defendant Jones based on his supervision of any of the other defendants. Accordingly, it is recommended that the individual capacity claims against Defendant Jones also be dismissed with prejudice.

## **RECOMMENDATION**

In light of the foregoing, it is recommended that the Motion to Dismiss of Defendants ODOC and Jones, **ECF No. 27**, be **GRANTED.** Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of Court by **August 28, 2014**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Plaintiff is further advised that any failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

This report and recommendation **does not dispose of all issues** referred to the undersigned Magistrate Judge in this matter.

**ENTERED** on August 11, 2014.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE