IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| ARMOND DAVIS ROSS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. CIV-13-323-R |
|  | ) |  |
| OKLAHOMA DEPARTMENT OF | ) |  |
| CORRECTIONS, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## ORDER

Before the Court is the Report and Recommendation of United States Magistrate Judge Shon T. Erwin entered August 11, 2014. Doc. No. 53. Plaintiff has filed an Objection to the Magistrate Judge's conclusions in the Report and Recommendation. Doc. No. 56. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation *de novo* in light of Plaintiff's objections.

Plaintiff, a state prisoner, brings an action under 42 U.S.C. § 1983. Defendants Oklahoma Department of Corrections ("ODOC") and Justin Jones, former ODOC Director,[1] move to dismiss Plaintiff's claims. They argue that they are immune from a suit for monetary relief under the Eleventh Amendment and that Plaintiff has failed to allege that Jones personally participated in a violation of his constitutional rights.

---

[1] Robert Patton, the new ODOC Director, http://www.ok.gov/doc/About_Us/Director's_Office/index.html (accessed September 29, 2014), is substituted for Defendant Justin Jones per FED. R. CIV. P. 25(d) for any of Plaintiff's claims against Jones in his official capacity.

1

## Eleventh Amendment

Plaintiff concedes Defendants' claim that they are immune from Plaintiff's suit for monetary relief under the Eleventh Amendment. Doc. No. 34, at 1-2. The Court thus dismisses all claims against ODOC and Jones in his official capacity.

## Personal Participation

To succeed in a § 1983 claim, Plaintiff must allege and prove that Defendants personally participated in the constitutional violation. *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Plaintiff alleges one cause of action in his complaint: "After giving DOC employees notice of physical threats against him, the defendants ignored Plaintiff's requests for protective action, being deliberately indifferent to his safety." Doc. No. 1, at 5. The Court interprets this cause of action as a claim of cruel and unusual punishment in violation of the Eighth Amendment. To establish such a claim against Jones in his personal capacity, Plaintiff must allege that Jones acted with deliberate indifference to his constitutional rights. *See Dodds v. Richardson*, 614 F.3d 1185, 1205 (10th Cir. 2010). This requires alleging facts that permit the Court to infer that Jones knew Plaintiff faced "a substantial risk of serious harm and disregarde[d] that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

The Court may not hold Jones liable under a theory of *respondeat superior*. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Plaintiff can succeed in a § 1983 action "against a defendant-supervisor by demonstrating: (1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy

2

that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Richardson*, 614 F.3d at 1199-1200 (footnote and citation omitted). The only explicit reference to Jones in the complaint is the allegation that he was "responsible for implementation of all Department of Correction's policies, rules, practices, and employee training." Doc. No. 1, at 5. Although Plaintiff may have alleged that Jones "possessed responsibility for the continued operation of a policy," he did not allege any facts that would permit the Court to infer that Jones acted with the required state of mind, namely, deliberate indifference. Therefore, Plaintiff's claim against Jones in his personal capacity is dismissed.

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge is ADOPTED, as supplemented herein, and Defendants' Motion to Dismiss [Doc. No. 27] is GRANTED.

IT IS SO ORDERED this 29th day of September, 2014.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE