IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ARMOND DAVIS ROSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-13-323-R |
| | ) | |
| OKLAHOMA DEPARTMENT OF | ) | |
| CORRECTIONS, JUSTIN JONES, | ) | |
| WARDEN MIKE ADDISON, SGT.BUSH, | ) | |
| DENNIS ROSE, GEORGE WILLIAMS, | ) | |
| SAM PRESTON, and MIKE MCMILLEN | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner appearing *pro se* and *in forma pauperis*, has filed this civil rights action under 42 U.S.C. § 1983 alleging a violation of his Eighth Amendment rights. Defendants Addison, Bush, Williams, Preston and McMillen have filed a joint Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted (ECF No. 48), to which Plaintiff has responded (ECF No. 52). Also pending before the Court is Plaintiff's Motion for Preliminary Injunction (ECF No. 60). It is recommended that the motion to dismiss be **GRANTED**. It is further recommended that the claims against Defendant Rose, who has been served but has not answered the Complaint, be **DISMISSED** pursuant to 28 U.S.C. § 1915A. Finally, it is recommended that Plaintiff's Motion for Preliminary Injunction be **DENIED**.

## I. FACTUAL BACKGROUND

Plaintiff, who at all times relevant to this case was housed in the Joseph Harp Correctional Center (JHCC), alleges that Defendants failed to protect him from his cellmate:

> Due to threats against his life, Plaintiff made numerous requests to be separated from his cellmate. Following defendants refusal to protect Plaintiff, he was attacked by inmate J. Berry (DOC 104371). Plaintiff was hospitalized requiring treatment for head, hand and leg injuries.

(Complaint at 5).

In Count I, Plaintiff states that "[a]fter giving (defendants) notice of physical threats against him, the defendants ignored Plaintiff's request for protective action, being deliberately indifferent to his safety." (Complaint at 5).

In his Sworn Affidavit attached to his Complaint, Plaintiff details his interaction with some of the defendants the day before the attack. (Complaint at 6-7). Plaintiff states that on May 27, 2011, about 9:00 in the morning he spoke with Defendant Williams, the duty officer, about the threats his cellmate, Mr. Berry, had made. Plaintiff states that Mr. Williams replied that he would get back to Plaintiff after speaking with Mr. Berry.

About 9:30 the same morning, Defendant Bush instructed Plaintiff to report to Defendant Wilbur at Central Control. But when Plaintiff learned that Defendant Wilbur had left the facility, Plaintiff was told to see Defendant McMillen instead. Plaintiff told Defendant McMillen that Mr. Berry had made threats against his life and at times "stalked" him late at night while Plaintiff was in bed in the cell. Plaintiff further informed

2

Defendant McMillen that in April 2011, he had told Defendant Chief of Security Rose about the threats and stalking by Mr. Berry. Defendant McMillen told Plaintiff he would look into the matter.

About 10:00 a.m. the same morning, Defendant Bush came to the cell Plaintiff shared with Mr. Berry, and in Plaintiff's presence, told Mr. Berry that he would be moved when count cleared. Mr. Berry gathered his property, saying, "You called the police on me." But when Mr. Berry approached the gate leading out of the unit, Sgt. Bush told Mr. Berry that there had been a change of plans, and Mr. Berry returned to the cell. (Complaint at 6). Early in the morning the next day, Mr. Berry hit Plaintiff with a combination lock hooked to a mesh belt. At approximately 4:00 in the morning, unit officers stopped the fighting and both parties were taken to the JHCC clinic. Plaintiff was then taken to the Purcell hospital emergency room for further treatment. According to Plaintiff, Capt. McMillen offered his profuse apology. (Complaint at 7).

## I. **STANDARDS OF REVIEW**

### A. **Standard for Initial Screening**

A court must review a complaint filed by a prisoner against a governmental entity or officer or employee of a governmental entity to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b).

### B. Standard for Dismissal Pursuant to Rule 12(b)(6)

The remaining Defendants urge dismissal based on Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) requires courts to assume the truth of all well-pleaded factual allegations in the complaint and construe them in the light most favorable to Plaintiff. *See Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990) (citations omitted). A court must determine whether Plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In determining whether a claim is "plausible," the court must "draw on its judicial experience and common sense." *Id.* at 679. "Pleadings that do not allow for at least a 'reasonable inference' of the legally relevant facts are insufficient." *Burnett v. Mortg. Elec. Regist. Sys, Inc.*, 706 F.3d 1231, 1236 (10th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678).

## II. ANALYSIS

### A. Claims against Defendant Rose

Plaintiff has named Dennis Rose as a defendant. The docket reflects that Defendant Rose was served on April 11, 2014. He has not, however, answered or otherwise responded to the Complaint. A review of Plaintiff's Complaint, however, demonstrates that Defendant Rose is entitled to dismissal pursuant to 28 U.S.C. § 1915A. Plaintiff mentions Defendant Rose only once in the Complaint. Plaintiff told Defendant McMillen that he had spoken with Defendant Rose the month before the

attack. This single allegation is insufficient to state a claim against Defendant Rose for deliberate indifference to Plaintiff's safety, based on the subsequent attack a month later. It is therefore recommended that the claims against Defendant Rose be dismissed pursuant to 28 U.S.C. §1915A for failure to state a claim upon which relief may be granted.

### B. Claims against Defendants Addison and Preston

Plaintiff identifies Defendant Addison as Warden of JHCC and Defendant Preston as Plaintiff's Unit Manager. These Defendants contend the undisputed facts demonstrate they had no personal participation in the acts about which Plaintiff complains. Other than naming Addison and Preston as defendants, Plaintiff does not mention either in his recitation of facts or in his affidavit.

Defendants can be individually liable under 42 U.S.C. § 1983 only if they personally participated in a constitutional violation. *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Furthermore, [g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). The Court further declared that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* Thus, a government official "is only liable for his or her own misconduct." *Id.* at 677. A defendant supervisor may be held liable under § 1983 if the defendant-supervisor "creates, promulgates, implements, or in some way

possesses responsibility for the continued operation of a policy the enforcement (by the defendant-supervisor or her subordinates) of which subjects, or causes to be subjected, the plaintiff 'to the deprivation of any rights . . . secured by the Constitution.'" *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010) (quoting 42 U.S.C. § 1983)). "A plaintiff may therefore succeed in a § 1983 suit against a defendant-supervisor by demonstrating: (1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1200. Plaintiff has failed to come forward with any evidence demonstrating that Defendants Addison and Preston personally participated in subjecting Plaintiff to unconstitutional conditions of confinement. Accordingly, the claims against Defendants Addison and Preston should be dismissed.

### C. Claims against Defendants Bush, Williams and McMillen

Plaintiff's statement of the facts, accepted as true, demonstrate that he had notified Defendants Bush, Williams and McMillen of the threats Mr. Berry had made. In his Response to Defendants' Motion to Dismiss (ECF No. 52), Plaintiff cites policies promulgated by the Department of Corrections (DOC) outlining steps which prison officials should take to ensure the safety of a prisoner from other prisoners. (ECF No. 52). Plaintiff contends that defendants did not follow these procedures. But a prison official's failure to follow DOC procedures does not automatically translate to a constitutional violation. *See Hostetler v. Green*, 323 F. App'x 653, 658 (10th Cir. 2009) (citing *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) ("[A] prison official's failure

to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met.")).

Stating a claim for deliberate indifference to safety requires more than a showing of simple or heightened negligence. *Board of County Commrs. v. Brown*, 520 U.S. 397, 407-410 (1997); *see Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). Plaintiff must do more than establish that defendants should have known of the risk of harm. *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998). Deliberate indifference requires that the defendant's conduct be "in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow," or that the conduct "disregards a known or obvious risk that is very likely to result in the violation of a prisoner's constitutional rights." *Berry v. City of Muskogee*, 900 F.2d 1489, 1494 (10th Cir. 1990). Subjective awareness requires that the defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Craig*, 164 F.3d at 495. This awareness requirement exists because "prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment" in a manner that violates the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 844 (1994). "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation cannot under our cases be condemned as the infliction of punishment." *Id.* at 838.

Plaintiff's allegations demonstrate that he had informed Defendants about the threats made against him by Mr. Berry. But Plaintiff's allegations are not sufficient to demonstrate that Defendants subjectively drew the inference that a substantial risk of

serious harm existed. At best, Plaintiff's allegations rise to the level of negligence. It is therefore recommended that the Motion to Dismiss of Defendants Bush, Williams and McMillen be granted.

### III. Plaintiff's Motion for Injunctive Relief

Plaintiff has filed a Motion for Preliminary Injunction. (ECF No. 60). Plaintiff would have this court enjoin Defendants from carrying out unspecified threats, from transferring him in retaliation for filing this action, and from taking other unspecified retaliatory actions against him.

"As a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991) (citation omitted); *United States ex rel. Citizen Band Potawatomi Indian Tribe of Okla. v. Enter. Mgmt. Consultants, Inc.*, 883 F.2d 886, 888–89 (10th Cir. 1989) ("Because it constitutes drastic relief to be provided with caution, a preliminary injunction should be granted only in cases where the necessity for it is clearly established.").

To be entitled to entry of a preliminary injunction pursuant to Fed. R. Civ. P. 65, the moving party must establish that: (1) he will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits.

In this case, Plaintiff's motion for injunctive relief is deficient as it does not state sufficient facts to demonstrate that irreparable injury will ensue if injunctive relief is not granted. Plaintiff's request for injunctive relief is based only on vague accusations of what Defendants might do in the future. This Court should not presume that Defendants will take unconstitutional retaliatory measures against Plaintiff, absent an injunction telling them not to. Indeed, they are bound by the Constitution not to violate a prisoner's due process rights in retaliation for his having exercised his First Amendment rights. Finally, Plaintiff has not demonstrated that he has a substantial likelihood of success on the merits. If the District Court adopts this Report and Recommendation, Plaintiff's motion will be moot.

## RECOMMENDATION

After a review of the Complaint and the briefs of the parties, it is recommended that the joint Motion to Dismiss of Defendants Addison, Bush, Williams, Preston and McMillen **(ECF No. 48)** be **GRANTED**. It is further recommended that the claims against Defendant Rose be dismissed pursuant to 28 U.S.C. §1915A for failure to state a claim upon which relief may be granted. Finally, it is recommended that Plaintiff's Motion for Preliminary Injunction **(ECF No. 60)** be **DENIED**.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by **January 8, 2015**. The parties are further advised that failure to make timely objection to this Report and

Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** on December 19, 2014.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE