IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| ARMOND DAVIS ROSS, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. CIV-13-323-R |
| WARDEN MIKE ADDISON, SGT. BUSH, DENNIS ROSE, GEORGE WILLIAMS, SAM PRESTON, and MIKE MCMILLEN, | ) ) ) ) ) | |
| Defendants | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner appearing pro se and in forma pauperis, has filed this civil rights action under 42 U.S.C. § 1983 alleging a violation of his Eighth Amendment rights. District Judge David L. Russell has referred this case to the undersigned magistrate judge for a report and recommendation regarding Plaintiff's Amended Complaint, (ECF No. 68), and the alternative Motion to Dismiss/Motion for Summary Judgment filed on behalf of Defendants Addison, Bush, McMillen, Preston and Williams (ECF No. 70). Plaintiff has responded, (ECF Nos. 71, 73, 75), and the defendants have replied. (ECF No. 72). Because Plaintiff has again failed to state a claim upon which relief may be granted against Defendants Addison, Preston and Rose, it is recommended that the claims asserted against them in the Amended Complaint be **DISMISSED**.

In considering the dispositive motion regarding Defendants Williams, McMillen and Bush, the undersigned magistrate judge has considered materials outside the parties' pleadings. The dispositive motion of these three defendants is, therefore,

treated as a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56. See also Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56"). The Motion for Summary Judgment should be **DENIED** as to Defendants McMillen, Williams, and Bush.

## I. BACKGROUND

### A. Facts as Alleged by Plaintiff

In his Sworn Affidavit attached to his verified Amended Complaint, Plaintiff details his interaction with some of the defendants the day before his cellmate, Mr. Berry, attacked and injured Plaintiff. (ECF 68-1). That Plaintiff was afraid of Mr. Berry is undisputed. On May 27, 2011, about 9:00 a.m., Plaintiff spoke with Defendant Williams, the duty officer, about Mr. Berry's threats to kill Plaintiff. Mr. Williams replied he would "get back to" Plaintiff after speaking with Mr. Berry.

About 9:30 the same morning, Defendant Bush instructed Plaintiff to report to Defendant Wilbur at Central Control. But Defendant Wilbur had left the facility, and Plaintiff was instructed to see Defendant McMillen instead. Plaintiff told Defendant McMillen that Mr. Berry had made threats against his life and had at times "stalked" him late at night while Plaintiff was in bed in the cell. Plaintiff further informed Defendant McMillen that in April 2011, he had told Defendant Chief of Security Rose about the threats and stalking by Mr. Berry. Defendant McMillen told Plaintiff he would look into the matter.

2

About 10:00 a.m. the same morning, Defendant Bush again came to the cell Plaintiff shared with Mr. Berry, and in Plaintiff's presence, told Mr. Berry that he would be moved to a different cell when count cleared. Mr. Berry gathered his property, saying, "You called the police on me." But when Mr. Berry approached the gate leading out of the unit, according to Sgt. Bush's previous instructions, Defendant Bush told Mr. Berry there had been a change of plans. Defendant Bush then instructed Mr. Berry to return to the cell he shared with Plaintiff. (ECF No. 68-1:1).

In the early morning hours of May 28, 2011, Mr. Berry attacked Plaintiff, hitting him repeatedly with a combination lock hooked to a mesh belt. At approximately 4:00 a.m., unit officers stopped the fighting, and both parties were taken to the JHCC clinic. Plaintiff's injuries were severe enough for prison officials to take him to the hospital emergency room in Purcell, Oklahoma, for further treatment. According to Plaintiff, Defendant McMillen offered his profuse apology. (ECF No. 68-1:2).

### B. The First Motion to Dismiss and Recommendation

Defendants Addison, Preston, Bush, Williams and McMillen filed a joint motion to dismiss Plaintiff's original Complaint, raising the following defenses: (1) Eleventh Amendment Immunity for official capacity claims;[1] (2) failure to affirmatively link Defendants to an alleged constitutional violation; (3) qualified immunity; and (4) failure to show deliberate indifference. (ECF No. 48).

---

[1] The only official capacity claims asserted by Plaintiff were claims against the Oklahoma Department of Corrections (DOC) and Justin Jones, then the director of the DOC. On December 13, 2013, these two defendants filed a Motion to Dismiss and Brief in Support. (ECF No. 27). The Motion was granted, and the DOC and Jones were terminated as defendants on October 14, 2014. Therefore, Eleventh Amendment immunity is not a viable defense of the remaining defendants and needs no further discussion.

On December 22, 2014, the undersigned magistrate judge submitted a Report and Recommendation (ECF No. 62) regarding disposition of claims made in Plaintiff's original Complaint. The undersigned recommended the claims against Defendant Rose be dismissed on initial screening pursuant to 28 U.S.C. §1915A.[2] Further, the undersigned recommended dismissal of the Complaint as to Defendants Addison and Preston based on their lack of personal participation in the alleged constitutional violation. As to Defendant Bush, the undersigned recommended dismissal of the claims against him based on Plaintiff's failure to allege Defendant Bush possessed actual knowledge of Mr. Berry's threats against Plaintiff. Finally, the undersigned recommended dismissal of claims against Defendants Williams and McMillen, finding that Plaintiff had failed to demonstrate Defendants Williams and McMillen had the requisite state of mind to satisfy the subjective prong of the two-part test to determine whether these defendants were deliberately indifferent to Plaintiff's safety.

By order of January 16, 2015, the District Court adopted most of the undersigned's recommendations. (ECF No. 67). The District Court agreed that the individual capacity claims against Defendants Addison, Preston, Bush and Rose should be dismissed for failure to state a claim upon which relief may be granted. The District Court declined to adopt the recommendation to dismiss the claims against Defendants Williams and McMillen. The District Court specifically found that Plaintiff had an "'Eighth Amendment right to be protected against prison guards taking actions that are

---

[2] The only allegation against Defendant Rose is that Plaintiff had told him about the conflict with Mr. Berry and Mr. Berry's threats a month before Mr. Berry attacked Plaintiff. This allegation is insufficient to prove defendant Rose personally participated in the alleged constitutional deprivation.

deliberately indifferent to the substantial risk of [violence] by fellow prisoners'" (ECF No. 67:10) (quoting *Hostetler v. Green*, 323 Fed. Appx. 653, 659 (10th Cir. Apr.15, 2009)), and that the right was clearly established in 2011 when Plaintiff was injured by his cellmate. (ECF No. 67:6-7). Thus, the District Court determined neither Defendant Williams nor Defendant McMillan is entitled to qualified immunity and that the claims against them were not subject to dismissal.

### C. The Amended Complaint

Generally, claims dismissed for failure to state a claim upon which relief may be granted are dismissed without prejudice with leave to amend. Following this general principle, the District Court stated, "If Plaintiff seeks to amend his Complaint, the Court grants him leave to do so by February 6, 2015." (ECF No. 67:13). Thus, Plaintiff was allowed to amend his Complaint to offer additional facts demonstrating Defendants Addison, Preston and Rose had personally participated in the alleged constitutional violation, or, in the case of Defendant Bush, to allege that Defendant Bush "knew of the death threats." (ECF No. 67:8). The District Court had already determined that the Eighth Amendment claims against Williams and McMillen were not subject to dismissal because Plaintiff had stated a plausible claim that these two defendants had deprived him of his Eighth Amendment right under law that was clearly established at the time of the alleged deprivation.

#### 1. Amended Allegations against Defendants Addison, Preston and Rose

Plaintiff amended his Complaint in an attempt to state sufficient facts to demonstrate the participation of Defendants Addison, Preston and Rose in the alleged

constitutional deprivation. Plaintiff did not, however, plead any additional facts in the Amended Complaint to demonstrate that Defendants Addison, Preston, or Rose personally participated in the alleged constitutional violation. The undersigned magistrate judge recommends dismissal of the claims against these defendants because a defendant can be held individually liable under 42 U.S.C. § 1983 only if that defendant personally participates in a constitutional violation against the plaintiff. *Bennet v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Moreover, "[g]overnment Officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (citing *Monell v. New York City Dep't of Soc. Servs.*, 463 U.S. 658, 691 (1978)). "Because vicarious liability is inapplicable to … § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* Thus, a government official "is only liable for his or her own misconduct." *Id.* at 677. A defendant supervisor may be held liable under § 1983 if the defendant-supervisor "creates, promulgates, implements, or in some way possesses responsibility for the continued operation of a policy the enforcement (by the defendant-supervisor or her subordinates) of which subjects, or causes to be subjected, the plaintiff 'to the deprivation of any rights … secured by the Constitution.'" *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010) (quoting 42 U.S.C. § 1983). Plaintiff has failed to come forward with any evidence demonstrating Defendants Addison, Preston or Rose personally participated in subjecting Plaintiff to unconstitutional conditions of

confinement. Accordingly, the claims against these three defendants should be dismissed for failure to state a claim upon which relief may be granted.

### 2. Allegations against Defendant Bush

As to Defendant Bush, however, the undisputed facts demonstrate that he definitely participated in actions preceding the alleged deprivation of Plaintiff's Eighth Amendment right. It was Defendant Bush, after all, who initially informed Mr. Berry that he would be moving to a different cell, only to change that order by later informing Mr. Berry there had been a "change of plans." In his Affidavit, Plaintiff states that as Mr. Berry was leaving the cell he said, "You called the police on me," a statement clearly indicating that Mr. Berry knew the reason for the originally-planned cell change was attributable to Plaintiff's having sought relief from prison officials. In his original Complaint, however, Plaintiff did not allege that Defendant Bush had actual knowledge of the threats Mr. Berry had made. But Plaintiff has corrected this pleading defect in his Amended Complaint:

> Defendant Sgt. Bush exercised deliberate indifference to plaintiff's health and safety by failing to protect him from a prison attack by Offender Berry even though he had been informed of a threat to plaintiff's health, safety and life. Defendant Sgt. Bush received information that there was a severe conflict between plaintiff and his cellmate, Offender Berry, but refused to move or authorize a move of Plaintiff or Offender Berry to separate them until after Plaintiff had been attacked.

Amended Complaint (ECF 68:5). Accordingly, Plaintiff has alleged plausible facts against Defendant Bush sufficient to withstand a motion to dismiss, and based on the District

7

Court's reasoning in its previous Order, Defendant Bush is no more entitled to qualified immunity than are Defendants Williams and McMillen. (See ECF No. 67:9-11).

## II. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

In addition to pleading the defenses of Eleventh Amendment immunity and qualified immunity, neither of which is available to Defendants Williams, McMillen or Bush, these defendants additionally allege (a) Plaintiff failed to affirmatively link Defendants to an alleged constitutional violation. (ECF No. 70:12-14) (Proposition II); (b) Plaintiff failed to show Defendants acted with deliberate indifference or failed to protect him from harm in violation of the Eighth Amendment (ECF No. 70:17-19); (Proposition IV) and (c) Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (ECF No. 70:19-21) (Proposition V). All of these defenses were argued in Defendants' Motion to Dismiss Plaintiff's original Complaint, except for the failure-to-exhaust defense, raised for the first time in this Motion for Summary Judgment.

## III. STANDARD OF REVIEW FOR SUMMARY JUDGMENT

Summary judgment shall be granted where the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court views the evidence and the inferences drawn from the record in the light most favorable to the non-moving party. *Calhoun v. Gaines*, 982 F.2d 1470, 1472 (10th Cir. 1992). A dispute is "genuine," when viewed in this light, if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty*

*Lobby Inc.*, 477 U.S. 242, 248 (1986). "Material facts: are "facts that might affect the outcome of the suit under the governing law." *Id.* After the movant has fulfilled his initial burden of showing an absence of a genuine issue of material fact and entitlement to judgment as a matter of law, the burden shifts to the non-moving party to demonstrate the existence of a genuine issue of material fact. *Whetsel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000). The non-moving party "may not rest upon mere allegations" in his pleadings to satisfy this requirement. *Anderson*, 477 U.S. at 256. Rather, Fed. R. Civ. P. 56 "requires the non-moving party to go beyond the pleadings and by … affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate "'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56).

## IV. ANALYSIS

### A. Proposition II: Affirmative Link Between Defendants Williams, McMillen and Bush and the Alleged Constitutional Violation

Defendants contend Plaintiff has failed to affirmatively link them to the alleged violation of his Eighth Amendment rights. Considering the District Court's Order regarding disposition of claims in Plaintiff's original Complaint, the undersigned disagrees. Plaintiff's allegations and his recitation of facts in his Affidavit (and verified Amended Complaint) demonstrate that he had personally notified Defendants Williams and McMillen of the threats Mr. Berry had made and that Defendant Bush had "been informed" of Mr. Berry's threats. Based on the facts alleged in Plaintiff's Amended Complaint and the attached Affidavit, accepted in the light most favorable to Plaintiff, the non-moving party, Plaintiff has established an affirmative link between Defendants

Williams, McMillen and Bush and the alleged Eighth Amendment violation. These defendants are not, therefore, entitled to summary judgment as to Proposition II. (ECF No. 70:12-14).

## B. Proposition IV: Deliberate Indifference to Plaintiff's Safety

In Proposition IV, Defendants Williams, McMillen and Bush contend that Plaintiff has "not alleged that any of the Defendants were aware of any facts from which the inference could be drawn that a substantial risk of serious harm existed to his person." (ECF No. 70:18). Defendants further allege that "[n]one of the defendants are linked to knowledge that an attack was imminent." (ECF No. 70:19). According to Defendant McMillen's Affidavit attached to the court-ordered special report, "both inmates agreed to wait until Monday to address cell reassignment." (ECF No. 70:19); (ECF No. 26-3:2).

Plaintiff's Affidavit raises a genuine issue of material fact as to whether, and to what extent, Defendants Williams, McMillen and Bush had sufficient knowledge to draw an inference that Plaintiff was in imminent danger and whether these defendants had the subjective state of mind necessary to meet the second prong of the test for deliberate indifference to Plaintiff's safety. *See Grimsley v. MacKay*, 93 F.3d 676, 681 (10th Cir. 1996) (Defendant prison officials have constitutional duty to protect prisoners against current threats of attack and other sufficiently imminent dangers likely to cause harm) (citation omitted). Defendants are not entitled to summary judgment based on their assertions in Proposition IV.

## C. Proposition V: Exhaustion of Administrative Remedies

As a last resort, Defendants contend for the first time that Plaintiff has not exhausted his administrative remedies and that they are, therefore, entitled to dismissal of the Amended Complaint, or summary judgment.

The Prison Litigation Reform Act of 1995 (PLRA) requires a prisoner to exhaust available administrative remedies before resorting to a § 1983 action in federal court. "No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has held that "exhaustion is mandatory under the PLRA and … unexhausted claims cannot be brought in Court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). A prisoner "who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under the PLRA[.]" *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).

The Offender Grievance Process set forth in OP-090124 (See Special Report, (ECF No. 26-7:5-20) governs exhaustion of administrative remedies for Oklahoma prisoners. The process consists of four-steps. First an inmate must try to resolve the issue by talking to staff members. Thereafter, he must file a Request to Staff if the initial attempt was not successful. If the inmate still cannot resolve the issue, the next step is to file a grievance. If the grievance is denied, the inmate must appeal to the administrative review authority or chief medical officer.

11

Plaintiff attached two Requests to Staff to his Amended Complaint. The first is dated April 16, 2011, and is directed to Defendant Rose. (ECF No. 68-3:1). The Request to staff simply states, "This R.T.S. will memorialize our conversation on the above date regarding the threat against my life by Inmate Berry . . ." The Request to Staff indicates that Plaintiff had, in fact, informed Defendant Rose about the threats. Plaintiff took this grievance no further. The second Request to Staff is also dated April 16, 2011, and is directed to Sam Preston, Unit Manager. (ECF No. 68-3:2). The Request to staff states, "On 4/15/11 my life was threatened by my cellmate, Berry." He also states that the only staff member available was Defendant Bush, to whom he reported the threats. Plaintiff took this grievance no further.

Because Plaintiff's Requests to Staff were directed solely to Defendants Preston and Rose, his failure to complete the grievance process as to these two defendants simply provides an additional reason to dismiss the claims against them.

As to Defendants Williams, McMillen and Bush, however, Plaintiff's claims are not subject to dismissal. The first step of the grievance process is described below:

Section IV describes the first step:

> IV. Informal Resolution
>
> Informal resolution requires communicating with staff, including submitting a "Request to Staff," if the complaint is not resolved. The informal resolution process precedes submitting a grievance.
>
> A.   Initial Attempt
>
> Before submitting a "Request to Staff," the offender *must try to resolve the complaint by talking with the case manager,* probation or parole officer, supervising employee or other appropriate staff[.]

(OP-090124, § IV (A)); (ECF No. 26-7:8-9) (emphasis added).

A "Request to Staff" should be submitted only "[i]f [the issue is] not resolved[.]" (OP-090124, § IV (A)); (ECF No. 26-7:9).

It is undisputed that Plaintiff talked to Defendants Williams and McMillen about Mr. Berry's threats. The facts as alleged by Plaintiff, viewed in the light most favorable to him as the non-moving party, demonstrate that Plaintiff received sufficient assurances from Defendants Williams and McMillen that the problem would be addressed. Therefore, because the issue was resolved—at least in Plaintiff's mind—at the first step of the initial attempt, there was no reason for Plaintiff to file a Request to Staff. Where, as here, a prisoner is successful in obtaining relief in the first stage of the grievance process, he is not required to resort to subsequent stages of the grievance process. *Ross v. County of Bernalillo*, 365 F.3d 1181, 1187 (10th Cir. 2004).

Plaintiff does not state that he spoke to Defendant Bush on the day before the attack. But because Plaintiff has alleged specific facts regarding Defendant Bush's knowledge of the threats, there is a genuine issue of material fact as to whether Plaintiff communicated with Defendant Bush regarding the threats from Mr. Berry.

Accordingly Defendants Williams, McMillen and Bush are not entitled to summary judgment.

## RECOMMENDATION

After a review of the Amended Complaint and the briefs of the parties, it is recommended that the claims against Defendants Addison, Preston and Rose be

13

**DISMISSED** for failure to state a claim upon which relief may be granted. It is further recommended that the Motion for Summary Judgment (ECF No. 70) be **DENIED** as to Defendants Williams, Bush and McMillen.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by **May 29, 2015**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri,* 595 F.3d 1120, 1123 (10th Cir. 2010).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** on May 12, 2015.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE