# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ARMOND DAVIS ROSS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WARDEN MIKE ADDISON, et al., )<br>)<br>Defendants. ) | Case No. CIV-13-323-R |

## ORDER

Plaintiff, a state prisoner appearing pro se, filed an amended complaint under 42 U.S.C. § 1983. Doc. No. 68. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Shon T. Erwin for preliminary review. On May 12, 2015, Judge Erwin issued a Report and Recommendation wherein he recommended that Plaintiff's claims against Defendants Addison, Preston, and Rose be dismissed for failure to state a claim upon which relief may be granted and that Defendants' motion for summary judgment be denied as to Defendants Williams, McMillen, and Bush. Doc. No. 75, at 13-14. Plaintiff did not file an objection to the Report and Recommendation. The matter is currently before the Court on Defendants' objection, Doc. No. 76, which gives rise to the Court's obligation to conduct a *de novo* review of any portion of the Report and Recommendation to which Defendants specifically object.

## Background

Plaintiff alleges that on April 15, 2011, his cellmate, Offender Berry, threatened to kill him. Am. Compl. 4. On April 16, Plaintiff informed Defendants Bush and Rose of the threat, and Rose said he would speak to the Unit Manager, Defendant Preston. *Id.* On Friday, May 27, Plaintiff informed Defendants Williams and McMillen of Berry's threats. *Id.* Williams said he would get back to Plaintiff after speaking with Berry. *Id.* Bush then told Plaintiff to report to Lieutenant Wilbur. *Id.* When Plaintiff was informed that Wilbur had left the facility, he went to McMillen's office and explained that Berry was stalking him at night in their shared cell. *Id.* He also informed McMillen that he had spoken to Rose about the matter. *Id.* McMillen told Plaintiff he would look into it. *Id.*

Later that morning, according to Plaintiff, Bush came to his cell and told Berry he would be moved when count cleared. Am. Compl, Ex. 1, ¶ 6. As Berry moved his belongings out of the cell, he said to Plaintiff, "You called the Police on me." *Id.*, ¶ 7. As Berry approached the J-Unit gate, Bush told Berry, "There has been a change of plans," and Berry returned to the shared cell. *Id.* The next day, Saturday, May 28, Berry struck Plaintiff numerous times on the head with a combination lock attached to a belt and attempted to suffocate him with a plastic bag. *Id.*, ¶ 8. Plaintiff was taken to the emergency room for treatment. *Id.*, ¶ 10.

Plaintiff brought this § 1983 action alleging that Defendants were deliberately indifferent to his health and safety by failing to protect him from Berry. Am. Compl. 5. Defendants filed a Motion to Dismiss/Motion for Summary Judgment arguing, in part, that Plaintiff has not exhausted administrative remedies and that they are entitled to

qualified immunity. Doc. No. 70, at 15-17, 19-21. Because the Court finds that Defendants Williams, McMillen, and Bush are entitled to qualified immunity, it does not address the issue of exhaustion.[1]

**Standard of Review**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute is genuine when a reasonable jury could find in favor of the nonmoving party on the issue." *Macon v. United Parcel Serv., Inc.*, 743 F.3d 708, 712 (10th Cir. 2014) (citations omitted). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. *Id.* at 712-13.

Qualified immunity shields from liability government officials performing discretionary functions "if their conduct does not violate clearly established rights of which a reasonable government official would have known." *Perez v. Unified Gov't of Wyandotte Cnty./Kan. City, Kan.*, 432 F.3d 1163, 1165 (10th Cir. 2005). "When a § 1983 defendant raises the defense of qualified immunity on summary judgment, the burden shifts to the plaintiff to show that 1) the official violated a constitutional or statutory right; and 2) the constitutional or statutory right was clearly established when the alleged violation occurred." *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1312 (10th Cir. 2002) (citation omitted). "If the plaintiff does not satisfy either portion of the two-pronged test,

---

[1] *See Trevino v. Jones*, No. 06-CV-0257-CVE-FHM, 2007 WL 710213, at *4 (N.D. Okla. Mar. 6, 2007) ("PLRA exhaustion is not jurisdictional. A district court may dismiss plainly meritless claims without first addressing what may be a much more complex question, namely, whether the prisoner did in fact exhaust available administrative remedies." (quoting *Woodford v. Ngo*, 548 U.S. 81, 101 (2006) (internal quotation marks omitted)).

the Court must grant the defendant qualified immunity." *Id.* (citation omitted). "If the plaintiff indeed demonstrates that the official violated a clearly established constitutional or statutory right, then the burden shifts back to the defendant, who must prove that no genuine issues of material fact exist and that the defendant is entitled to judgment as a matter of law." *Id.* (citation omitted) (internal quotation marks omitted). "In the end, therefore, the defendant still bears the normal summary judgment burden of showing that no material facts remain in dispute that would defeat the qualified immunity defense." *Id.* (citation omitted).

## Analysis

The Court construes Plaintiff's allegations as a claim of cruel and unusual punishment in violation of the Eighth Amendment. To establish such a claim against Defendants, Plaintiff must allege that Defendants knew he faced "a substantial risk of serious harm and disregard[ed] that risk by failing to take reasonable measures to abate it." *Gonzales v. Martinez*, 403 F.3d 1179, 1180 (10th Cir. 2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)). This standard of deliberate indifference requires actual knowledge; it is not enough that a particular Defendant should have known of the risk. *Id.* at 1186.

The Court finds that Defendants have shown that no genuine issues of material fact exist on the issue of whether Williams, McMillen, and Bush were deliberately indifferent to Plaintiff's health and safety. In their statement of undisputed material facts, they state that "[b]oth Plaintiff and offender Berry agreed to wait until unit staff returned on Monday to address the housing reassignment," citing to Defendant McMillen's

4

affidavit. Doc. No. 70, at 8 (citing Doc. No. 26, Ex. 3, at 2, ¶ 2 ("On May 27, 2011, I spoke to both the Plaintiff and offender Berry, separately. Both parties agreed they could wait until the following Monday, when unit staff was available to review the information and determine if a cell reassignment would be appropriate.")).

In the three documents Plaintiff filed after the motion for summary judgment, he did not state that this fact was in dispute. *See* Doc. Nos. 71, 73, 74. "Although we liberally construe *pro se* filings, we do not assume the role of advocate. *Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir 2008) (citations omitted). Federal Rule of Civil Procedure 56(c) requires a party asserting that a fact is genuinely disputed to support that assertion by "citing to particular parts of materials in the record," or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

McMillen's affidavit adequately supports Defendants' contention that Plaintiff and Berry agreed to wait until Monday, May 30 to resolve the cell assignment issue, and Plaintiff does not cite to evidence in the record creating a genuine dispute on this issue. Plaintiff's verified Amended Complaint and supporting affidavits state that he informed prison officials about Berry's threats, that Berry was initially told he would be moved to another cell but was eventually returned to his shared cell with Plaintiff, and that the next day he attacked Plaintiff. *See* Doc. No. 68. None of these allegations are inconsistent with Defendants' assertion that Plaintiff and Berry agreed to wait until Monday to resolve the

5

problem. The only evidence that is inconsistent with the contention that Plaintiff agreed to wait until Monday is his assertion in his Amended Complaint that Defendants "refused to move or authorize a move of Plaintiff or Offender Berry to separate them until after Plaintiff had been attacked." Am. Compl. 5. But this exact statement is repeated five times with respect to Defendants Bush, Rose, Williams, Preston, and McMillen. *Id.* Plaintiff does not provide any specific facts to support his conclusion that Defendants refused to separate Plaintiff and Berry.[2]

The Court thus considers the fact that Plaintiff agreed to wait until staff returned on Monday, May 30 for the issue to be resolved as undisputed. *See S.E.C. v. Smart*, 678 F.3d 850, 858 (10th Cir. 2012) ("To withstand summary judgment, the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." (citation omitted)). Given this fact, Plaintiff has failed to demonstrate that Defendants Williams, McMillen, and Bush disregarded a substantial risk of serious harm by failing to take reasonable measures to abate it. A reasonable jury could not find that Defendants disregarded a substantial risk of serious harm to Plaintiff, when Plaintiff himself agreed to remain in the same cell for more than two days with the man who had allegedly threatened to kill him. Accordingly, no genuine issues of material fact exist with regard to whether Defendants Williams, McMillen, and Bush violated Plaintiff's rights under the Eighth Amendment, and they are entitled to qualified immunity.

---

[2] Plaintiff filed an "Objection to the State's Response." Doc. No. 77. But in this filing he did not address Defendants' contention that the fact that he agreed to remain in his cell until Monday is undisputed.

**Conclusion**

In accordance with the foregoing, the Court adopts the Report and Recommendation, Doc. No. 75, to the extent it is consistent herewith. Plaintiff's claims against Defendants Addison, Preston, and Rose are dismissed for failure to state a claim upon which relief may be granted, and Defendants' Motion to Dismiss/Motion for Summary Judgment, Doc. No. 70, is GRANTED, based on the defense of qualified immunity.

IT IS SO ORDERED this 18th day of June, 2015.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE